UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ZUVDIJA AHMEMULIC,

                Plaintiff,

       v.

**COMPLAINT**

KEYSTONE MANAGEMENT, INC., and
BELMONT VENTURES, LLC.,

**DEMAND FOR JURY TRIAL**

                Defendants.
------------------------------------------------------------X

Plaintiff ZUVDIJA AHMEMULIC, by and through his attorneys, alleges as follows:

## PARTIES

1. Plaintiff ZUVDIJA AHMEMULIC ("Plaintiff") is, and at all material times was, a citizen of the State of New York.

2. Defendant KEYSTONE MANAGEMENT, INC. ("Keystone") is a foreign business corporation with its principal office and place of business at 15165 Ventura Blvd., Suite 140, Sherman Oaks, CA, 91403.

3. Defendant BELMONT VENTURES, LLC ("Belmont") is a New York Limited Liability Company organized and existing under the laws of the State of New York with its principal office and place of business at 244 FIFTH AVENUE, SUITE 2201, NEW YORK, NY.

4. Defendants Keystone and Belmont are herein collectively referred to as "Defendants."

## JURISDICTION AND VENUE

1

5. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this is an action arising under the Fair Labor Standards Act ("FLSA"), as amended, 229 U.S.C. § 201, *et seq*. This Court has supplemental jurisdiction of the claims arising under the New York Labor Law ("NYLL") pursuant to 28 U.S.C. § 1367(a), in that the NYLL claims are so related to Plaintiff's FLSA claim as to form the same case or controversy under Article III of the United States Constitution.

6. Venue is proper within this District pursuant to 28 U.S.C. § 1391, because a substantial part of the events or omissions giving rise to the claims occurred within this District.

## **FIRST CLAIM FOR RELIEF**

**(Failure to Pay Minimum Wages – FLSA)**

7. At all relevant times, Defendants Keystone and Belmont operated, *inter alia*, a management company for residential buildings.

8. At all relevant times, Defendants Keystone and Belmont owned and/or operated residential buildings, including the building located at 705 West 170th Street, New York, NY.

9. Upon information and belief, at all relevant times each of the Defendants annually grossed more than $500,000.00.

10. At all times relevant hereto, Defendants employed employees, including Plaintiff, who regularly were employed by Defendants' enterprise engaged in commerce or the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of § 3(b), (g), (i), (j) (r) and (s)(A)(i) of the FLSA, 29 U.S.C. § 203(b), (g), (i), (j), (r), & (s)(A)(i).

11. At all times relevant hereto, each of the Defendants has been, and continues to be, an "enterprise engaged in commerce or in the production of goods for commerce," within the meaning of 29 U.S.C. § 203 and 29 U.S.C. § 207(a)(1).

12. At all times relevant hereto, the activities of the Defendants jointly and separately constituted an "enterprise" within the meaning of § 3(r) & (s) of the FLSA, 29 U.S.C. § 203 (r) & (s).

13. Defendants were "employers" of the Plaintiff as defined in 29 U.S.C. § 203(d) and NYLL § 190(3), and Plaintiff was an "employee" of Defendants as defined in 29 U.S.C. § 203(e)(1) and NYLL § 190(3).

14. Plaintiff consents in writing to be a party to this action under 29 U.S.C. § 216(b). Plaintiff's written consent is attached hereto, labeled as Exhibit "A".

15. Defendants employed Plaintiff from in or about 1992 until April, 2018.

16. Plaintiff was employed as a live in superintendent ("Super").

17. As a Super, Plaintiff was required to live on the premises of 705 West 170th Street, New York, NY, and was charged with the maintenance of its 21 units and surrounding areas/grounds.

18. At all times relevant hereto, Defendants required Plaintiff to live in the <u>basement</u> of 705 West 170th Street, New York, NY.

19. Plaintiff's job duties included but were not limited to taking out the garbage and recycling, buffing the floors, cleaning the hallways and the outside territory, sweeping the sidewalks, shoveling and salting the sidewalks, small repairs, including fixing small leaks,

3

piping, light-bulbs, fill up and restart the boiler, cleaning the oil filters, other miscellaneous jobs, and being on call for any other issues that arose in individuals' apartments twenty-four (24) seven (7).

20. Defendants scheduled Plaintiff to work five (5) days per week.

21. Defendants scheduled Plaintiff to work between two (2) and three (3) hours per day, Monday through Friday.

22. At all times relevant hereto, Plaintiff normally was scheduled to work thirteen (13) hours per week.

23. Throughout his employment with Defendants, Plaintiff was often called by residents to help fix problems in their apartments approximately once a week, outside of his normally scheduled shifts.

24. In addition to Plaintiff working his regularly scheduled thirteen (13) hour shifts each week, Plaintiff regularly worked an additional one (1) to two (2) hours per week in the warmer months, and three (3) to four (4) hours, or more, in the winter.

25. Thus, Plaintiff worked between fourteen (14) and seventeen (17) hours per week, approximately, or more.

26. Defendants paid Plaintiff approximately $43 per week – or approximately $3.07 per hour of work.

27. Defendants failed to list Plaintiff's actual hours of work and his hourly rate(s) of pay on his paystubs.

28. Defendants failed to keep accurate and sufficient payroll and time records as required by Federal and State laws.

29. Defendants willfully, knowingly, and intentionally failed to pay Plaintiff the required minimum wage for all hours worked.

30. Upon information and belief, Defendants knew of, and/or showed reckless disregard for, the practices by which Plaintiff was not paid minimum wages for all hours worked.

31. Defendants' failure to pay Plaintiff the required minimum wages was a willful violation of the FLSA.

32. Pursuant to FLSA, Plaintiff is entitled to recovery of full payment of unpaid minimum wages for all hours he worked, FLSA liquidated damages pursuant to 29 U.S.C.A. §216(b), attorney's fees and costs and disbursements of this action.

## SECOND CLAIM FOR RELIEF

### (Failure to Pay Unit Rate - NYLL)

33. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

34. Plaintiff is a resident janitor in a residential building "employed to render physical service in connection with the maintenance, care or operation of a residential building" as defined by 12 NYCRR §§ 141-3.4 and 141-3.5.

35. Defendants failed to pay Plaintiff $4.85 per unit on or after July 24, 2009, $5.35 per unit on or after December 31, 2013, $5.85 per unit on or after December 31, 2014, $6.00 per

unit on or after December 31 2015, $7.35 per unit on and after December 31, 2016, and $8.65 per unit on or after December 31, 2017, as required by 12 NYCRR § 141-1.2.

36. Defendants failed to furnish Plaintiff "a statement with every payment of wages, listing hours worked, rates paid, gross wages, allowances, if any, claimed as part of the minimum wage, deductions and net wages", as required by 12 NYCRR § 141-2.2.

37. Defendants failed to record the number of units in place of hours worked on its wage statements, as required by 12 NYCRR § 141-2.2.

38. Defendants failed to "post in a conspicuous place in his or her establishment a notice issued by the Department of Labor summarizing minimum wage provisions…", as required by 12 NYCRR § 141-2.3

39. Defendants violated NYLL § 195(4) by failing to establish, maintain and preserve, for not less than six (6) years, sufficiently detailed payroll records showing among other things, the hours worked, gross wages, deductions and net wages for each employee.

40. Defendants' failure to pay Plaintiff a unit rate was a willful violation of New York Labor Law §§ 160(3) and 198, 12 NYCRR 142-2.2, and 12 NYCRR 141-1.2.

41. Pursuant to NYLL §§ 160(3), 198, and 12 NYCRR 142-2.2, Plaintiff is entitled to recovery of full payment of unpaid wages, liquidated damages pursuant to NYLL § 198, prejudgment interest, attorney's fees and costs and disbursements of this action.

### THIRD CLAIM FOR RELIEF

**(Wage Theft Prevention Act - NYLL)**

42. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

43. The Defendants failed to furnish to Plaintiff, a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; any doing business as names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the Wage Theft Prevention Act, NYLL § 195(1) and NYCRR § 146-2.2.

44. The Defendants failed to furnish to Plaintiff with each wage payment a statement listing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of the Wage Theft Prevention Act, NYLL § 195(3) and NYCRR § 146-2.3.

45. Defendants violated NYLL § 195(1) and (3) and consequently owe Plaintiff statutory damages as specified by NYLL § 198(1-d).

46. Plaintiff seeks statutory damages as specified by NYLL § 198(1-b) and (1-d), reasonable attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**WHEREFORE**, Plaintiff demands Judgment in his favor and against Defendants for;

**(a)** Full payment of all unpaid minimum wages for all hours worked,

**(b)** An amount equal thereto as liquidated damages as provided in 29 U.S.C.A § 216(b),

**(c)** Full payment of all unpaid wages at the unit rate prescribed by 12 NYCRR 141-1.2,

**(d)** Full payment due Plaintiff for violations of NYLL § 195(1) and § 195(3),

**(e)** Liquidated damages as provided by the FLSA and NYLL,

**(f)** Attorney's fees and costs and disbursements of this action and statutory interest,

**(g)** A fifteen percent increase in the amount of the Judgment as to the NYLL claim if any amounts remain unpaid upon the expiration of ninety days following the time to appeal the Judgment if no appeal is then pending pursuant to NYLL § 198(4), and

**(h)** Such other and further relief as this Court deems necessary and proper.

## Jury Demand

Plaintiff requests a trial by jury on all causes of action and claims with respect to which he has a right to a jury trial.

Dated: May 9, 2018

                                         HARRISON, HARRISON & ASSOCIATES, LTD.

                                         _____/s/DAVID HARRISON_____
                                         David Harrison, Esq.
                                         nycotlaw@gmail.com
                                         110 State Highway 35, Suite 10
                                         Red Bank, NJ 07701
                                         (718) 799-9111 Phone
                                         *Attorneys for Plaintiff*